# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **PATRICIA PLUNKETT**, | ) | |
| Plaintiff, | ) | Civil Action No. 2:10cv00041 |
| | ) | |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| **CAROLYN W. COLVIN**, | ) | |
| **Acting Commissioner of** | ) | By: Pamela Meade Sargent |
| **Social Security,** | ) | United States Magistrate Judge |
| Defendant. | ) | |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 22) ("the Motion"). Based on the reasoning set out below, the Motion will be granted.

Patricia Plunkett filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2011). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered and both parties moved for summary judgment on the basis of the administrative record. Thereafter, a final judgment was entered remanding the case to the Commissioner pursuant to "sentence four" of 42 U.S.C. § 405(g). (Docket Item No. 21). By order dated July 31, 2014, the Regional Chief Administrative Law Judge authorized Plunkett's counsel to collect a fee in the amount of $12,253.44 for services provided to Plunkett for proceedings before the Social Security

1

Administration, pursuant to 42 U.S.C.A. § 406(a). (Docket Item No. 24-1.) Counsel for Plunkett now has filed a petition seeking approval of a fee of $6,695.78 for representing Plunkett in this court, pursuant to 42 U.S.C.A. § 406(b). (Docket Item No. 22.) The Commissioner responded to the Motion, not objecting to the plaintiff's request for a fee or to the amount requested. (Docket Item No. 28.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2011). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam). Here, as stated above, Plunkett has provided an order from the Regional Chief Administrative Law Judge stating that plaintiff's counsel had previously been authorized to collect a fee of $12,253.44 for services performed before the Social Security Administration. (Docket Item No. 24-1.)

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Plunkett's counsel has provided the court with a May 31, 2006, fee agreement, in which Plunkett agreed to pay counsel 25 percent of her past-due Social Security benefits for representing her on her DIB claim if counsel was ultimately successful in pursuing the claim in this court. (Docket Item No. 24-2.)

2

Plunkett's counsel also has provided the court with a copy of the Social Security Administration's September 22, 2013, Notice of Award Letter, which states that it withheld $18,949.22, or 25 percent, from Plunkett's past-due DIB benefits for payment of an attorney's fee. (Docket Item No. 24).

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past-due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Plunkett's counsel has supplied evidence that shows that a total of 26.00 hours was spent in representing Plunkett in this court. Counsel has not suggested an hourly rate for the work performed, nor has the Commissioner suggested what hourly rate would result in a proper fee. Counsel also has not divided the time expended into attorney time and nonattorney time.[1]

---

[1] The court notes that four entries of the 32 entries contained in the itemization of time reflect that they were performed by plaintiff's counsel. The remaining entries, however, do not

3

The court further notes, however, that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." *Chapman v. Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed .25 hour of time for receipt, review and filing of the completed forms to file Plunkett's appeal in this court. I recommend that the court allow .25 hour of nonattorney time for this. Counsel also claims 2.00 hours of time for preparation of the Complaint, IFP Application, supporting documentation and Order, Civil Cover Sheet and Summons and for electronically filing the same via the court's ECF system. I recommend that the court allow .75 hour of nonattorney time for these activities. Counsel also claims .25 hour of time for receipt, review and filing of this court's order denying Plunkett's IFP Motion. I find this request

specify by whom they were performed.

4

reasonable, and I recommend that the court allow .25 hour of attorney time for this. Counsel claims .25 hour of time for sending a letter to Plunkett with a copy of the court's order denying IFP status and advising her of the necessity of paying a filing fee in order to proceed with her appeal in this court. I recommend that the court allow .25 hour of nonattorney time for this. Counsel also claims .50 hour of time for taking a phone call from Plunkett regarding this court's filing fee, answering her questions and, later, review of her file by counsel. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this. Counsel claims .50 hour of time for taking a phone call from Plunkett, who advised she had mailed the filing fee to counsel's office, for answering her questions and, later, review of the file by counsel. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this. Counsel also claims .25 hour of time for receipt of a copy of the Complaint, Civil Cover Sheet and Summons from this court. I recommend that the court allow .25 hour of nonattorney time for this. Counsel claims .25 hour of time for receipt of the filing fee from Plunkett. I recommend that the court allow .25 hour of nonattorney time for this. Counsel also claims .25 hour of time for electronic submission of the filing fee to this court. I recommend that the court allow .25 hour of nonattorney time for this. Counsel claims .25 hour of time for sending a letter with the Summons and Complaint for service to the United States Attorney, Attorney General and Office of the Regional Chief Council. I recommend that the court allow .25 hour of nonattorney time for this. Counsel also claims .25 hour of time for electronic completion of return of service with this court. I recommend that the court allow .25 hour of nonattorney time for this. Counsel claims .25 hour of time for placing a phone call to Plunkett regarding the status of her case and reviewing the information in her file. I find this request reasonable, and I recommend that the court allow .25 hour of attorney time for this. Counsel also claims .25 hour of time

5

for receipt of the Magistrate Judge's notice and consent form from this court and .25 hour of time for sending a letter to this court with the signed consent to Magistrate Judge jurisdiction. I recommend allowing .25 hour of attorney time for both of these activities combined. Counsel claims .50 hour of time for receipt of a copy of the Answer and notice of filing of the Administrative Transcript and 2.00 hours of time for receipt of the Administrative Transcript, review by counsel and comparison with information in Plunkett's file to determine a case strategy. I recommend that the court allow 2.00 hours of attorney time for these activities combined. Counsel also claims a total of 14.25 hours of time for review of the file, medical evidence and transcript for preparation of the Brief and review of the Brief to be filed in this court by counsel, pulling the file and comparing the Brief with Plunkett's case history and evidence. I recommend that the court allow 7 hours of attorney time and 5 hours of nonattorney time for these activities combined. Counsel claims .25 hour of time for placing a phone call to Bob Kosman requesting an extension of time to file the Brief and .25 hour of time for taking a phone call from Bob Kosman advising that he does not oppose the Motion for Extension. I find these requests reasonable, and I recommend that the court allow .50 hour of attorney time for these activities. Counsel also claims .25 hour of time for preparation and forwarding of a Motion for Extension of Time to File the Brief with this court and .25 hour of time for receipt, review and filing of this court's order granting that motion. I recommend that the court allow .25 hour of attorney time and .25 hour of nonattorney time for these activities. Counsel claims .25 hour of time for preparation and forwarding another motion for extension of time to file the Brief with this court and .25 hour of time for receipt, review and filing of the order granting the same. A review of the docket shows that this motion is identical to the previous such one-page motion filed by counsel, with the exception of differing due dates. The order granting the motion also is identical, with the

6

exception of differing due dates. Therefore, I recommend that the court allow .25 hour of nonattorney time for these activities combined. Counsel also claims .50 hour of time for receipt of the Commissioner's Motion for Summary Judgment and accompanying Brief. I find this request reasonable, and I recommend that the court allow .50 hour of attorney time for this. Counsel claims .25 hour of time for receipt of the order referring the case to the Magistrate Judge. I find this request reasonable, and I recommend that the court allow .25 hour of nonattorney time for this. Counsel also claims .50 hour of time for receipt, review and filing of the Report and Recommendation from this court recommending remand and forwarding a copy to Plunkett and .25 hour of time for sending a letter to Plunkett with a copy of the Report and Recommendation. I recommend that the court allow .25 hour of attorney time and .25 hour of nonattorney time for these activities combined. Lastly, counsel claims .50 hour of time for receipt, review and filing of the Final Judgment and Order from this court remanding the case and forwarding a copy to Plunkett. Again, I recommend that the court allow .25 hour of attorney time and .25 hour of nonattorney time for this.

Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There is a total of 12.5 hours of attorney time and a total of 8.75 hours of nonattorney time. This court has held that $75 is a reasonable hourly rate for nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). At a $75 rate, $656.25 of the requested fee would be payable for nonattorney time. That would leave $6,039.53 for counsel's time, which, if paid for the remaining 12.5 hours of work, would result in a payment of approximately $483.16 per hour.

7

While I cannot, in good conscience, find that such a fee in a social security disability case is per se reasonable, I am, as stated above, obliged to consider Plunkett's fee agreement, which allowed for payment of 25 percent of past-due benefits. Additionally, the Government has responded to the Motion and states that it does not object to the award of the requested fee. Considering these things, and in light of the fact that counsel undertook this case under a contingency fee arrangement, assuming the risk of no payment if benefits were not awarded, I find that a total fee of $6,695.78 is reasonable for the attorney's services before this court. Moreover, the total of the attorney's fee now sought and a previously authorized fee of $12,253.44 for services provided before the Social Security Administration does not exceed 25 percent of the total Plunkett's past-due benefits. In fact, it appears that 25 percent of the past-due benefits is $18,949.22, which is precisely the sum of the amount previously authorized and the amount now sought by counsel. Considering these things, I find that a total fee of $6,695.78 is reasonable for the attorney's services before this court. All of this being the case, I recommend that the court award the requested attorney's fee in the amount of $6,695.78.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the court grant the Motion and enter judgment awarding the plaintiff's attorney a fee of $6,695.78.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2014):

8

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendation as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: September 9, 2014.

/s/ *Pamela Meade Sargent*

UNITED STATES MAGISTRATE JUDGE

9